# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON NEWTON,<br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDUSTRIAL<br>CORRECTIONAL CENTER, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 25-CV-0913<br>:<br>:<br>:<br>: |

## MEMORANDUM

**Marston, J.**                                                                                                       **April 2, 2025**

Pro se Plaintiff Devon Newton brings this civil action against several individuals, private entities, and city and state agencies.[1] (Doc. No. 2.) Newton also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The named Defendants are: (1) Philadelphia Industrial Correctional Center ("PICC"), (2) Curran-Fromhold Correctional Facility ("CFCF") (spelling corrected), (3) Riverside Correctional Facility ("RCF"); (4) Detention Center ("DC"), (5) Family Courthouse of Philadelphia, Domestic Relations Division, (6) the Commonwealth of Pennsylvania, (7) the New Jersey Superior Court, (8) the New Jersey Supreme Court, (9) Jefferson Abington Hospital, (10) Adult Probation and Parole, (11) the Philadelphia Marriage License Center, (12) the Commonwealth University of Pennsylvania, (13) Philadelphia District Attorney, (14) Judge Charles Hayden, (15) Judge Robert P. Coleman, (16) Judge Wendy L. Pew, (17) Judge Francis Shields, (18) Philadelphia Office of Judicial Records, (19) Agent Andrea Guse, and (20) Special Agent James Owens. (Doc. No. 2 at 1–3.)

I.      FACTUAL ALLEGATIONS[2]

Newton's allegations are difficult to follow and frequently incoherent. He states that the events giving rise to his claims occurred on July 6, 2020, July 6, 2022, and August 9, 2025.[3] (Doc. No. 2 at 4.) He alleges in part that:

> My soul mate was nearly divided away from my vessel my life via law school police academy class student, . . . and Philadelphia parking authority Traffic Division. And my child also. Resulting from Commonwealth of Pennsylvania and Family Courthouse Government officials and all Parties cooperatively cooperating to seize my life away.

(*Id*.) Newton asserts that various law enforcement and legal actors "tried to keep [his] son and son mom indirectly in their inconverted [sic] full custody," which the Court liberally construes as a reference to a custody proceeding in the Family Division of the Philadelphia Court of Common Pleas. (*Id*.) Newton also makes a cryptic reference to a "cooperative State Road operation or Muslim medical staff of law [that] got [him] locked up." (*Id*.) He appears to allege that unspecified parties copied the "identity, identification, ID & DNA" of the mother of his child, creating an "imposter replica imitator actress" in violation of her constitutional rights. (*Id*. at 8.) In addition, he claims he was subjected to the use of pepper spray that affected his skin and eyes, and he mentions "short term birth defects of shaken baby syndrome and being born blind." (*Id*. at 7.) Liberally construed, this appears to reference an excessive use of force incident involving pepper spray, but Newton fails to identify any named Defendant as involved in the incident.

---

[2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 2), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as handwritten pages. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission. Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

[3] Part of the incoherence of Newton's allegations are his use of dates. As of the date of this Order, August 9, 2025 remains several months in the future. It is also unclear whether the two July 6th dates represent events that occurred in different years.

Finally, Newton's Complaint includes other seemingly disjointed references to video surveillance, *Miranda* rights, the Department of Corrections, and the Bible. (*Id*. at 4–6.)

As relief for his claims, Newton seeks monetary damages and injunctive relief including: (1) expungement of his criminal records, (2) abolishment of "The Commonwealth of Pennsylvania Muslim Co-operative Operation of Incarcerating Non-Muslims," (3) termination of his probation in *Commonwealth vs. Newton*, No. CP-51-CR-0005064-2022, (4) placement of the "Criminal Justice Center Courthouse and Family Court in Foreclosure," (5) an award of $18 million; and (6) other forms of relief the Court is unable to decipher. (*Id*.)

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

## III.   SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.   Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### B.    Analysis

The exact nature of Newton's claims is unclear, but he names governmental officials and entities as Defendants and appears to allege his civil rights were violated. Accordingly, the Court understands him to be asserting constitutional violations. The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). For clarity, the Court groups Newton's claims—which are largely incoherent and brought against 20 defendants—into related categories and addresses each category in turn.

#### 1.    Claims Asserted on Behalf of Others

First, Newton appears to allege claims on behalf of his son and the son's mother. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo,*

*Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Although an individual may represent himself pro se, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Thus, to the extent Newton is asserting claims on behalf of his son and his son's mother, those claims cannot proceed and are dismissed. These claims are, however, dismissed without prejudice to the rights of those individuals to bring these claims in their own right.

### 2.     Claims for Injunctive Relief

Newton brings claims for injunctive relief, seeking an order for: (1) expungement of his criminal records, (2) abolishment of "The Commonwealth of Pennsylvania Muslim Co-operative Operation of Incarcerating Non-Muslims," (3) termination of his probation in *Commonwealth vs. Newton*, No. CP-51-CR-0005064-2022, and (4) placement of the "Criminal Justice Center Courthouse and Family Court in Foreclosure." (Doc. No. 2 at 4–6.) Through these requests, Newton appears to seek an order that terminates or otherwise effects his state criminal and domestic actions. This type of relief is not available through a § 1983 action. *See, e.g.*, *Glavin v. Pennsylvania*, 2024 WL 4338660, at *2 (E.D. Pa. Sept. 27, 2024) ("Glavin seeks injunctive relief in the form of an order terminating her supervised probation . . . and the expungement of her convictions. . . . This is not the type of relief that can be granted on a § 1983 claim."); *see also Johnson v. Valdez*, No. 13-2173, 2013 WL 5489957, at *2 (N.D. Tex. Oct. 1, 2013) ("Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right."). Accordingly, Newton's claims for injunctive relief are dismissed with prejudice.

### 3.     Claims Against Prisons

Next, Newton names four prisons—PICC, RCF, CFCF, and DC—as Defendants. (Doc. No. 2 at 1.) The § 1983 claims against these Defendants are dismissed with prejudice because a

5

prison is not a "person" subject to suit under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

### 4. Claims Against the Commonwealth, Its Entities, and New Jersey State Courts

Newton also names as Defendants the Commonwealth of Pennsylvania, the "Family Courthouse of Philadelphia Domestic Relations Division" (which the Court construes as a reference to the Family Division of the Court of Common Pleas),[4] "Adult Probation and Parole" (which the Court construes as a reference to the Philadelphia County Adult Probation and Parole Department ("PAPPD")),[5] the Philadelphia Office of Judicial Records ("OJR"),[6] the Commonwealth University of Pennsylvania ("CUP"),[7] the New Jersey Superior Court, and the New Jersey Supreme Court. (Doc. No. 2 at 1.) Newton's § 1983 claims against these entities

---

[4] Alternatively, to the extent Newton intended to sue the courthouse itself, it is well-established that federal civil rights claims against a courthouse are not cognizable under § 1983, which permits suit only against a "person.". *See Elansari v. United States*, No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016); *Devenshire v. Kwidis*, No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016); *Robinson v. Mercer Cnty. Courthouse*, No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012); *Bucano v. Sibum*, No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012).

[5] The PAPPD is a department of the Pennsylvania Court of Common Pleas for Philadelphia County, which is in turn part of the First Judicial District of Pennsylvania. *See* https://www.courts.phila.gov/common-pleas/trial/criminal/ (last visited Mar. 18, 2025).

[6] The OJR is a Department of the First Judicial District of Pennsylvania. *See* http://courts.phila.gov/departments/ojr/ (last viewed: March 13, 2025.)

[7] According to its website, "Commonwealth University of Pennsylvania was officially formed on July 1, 2022 when Bloomsburg University, Lock Haven University, and Mansfield University integrated as a single, comprehensive university with multiple campuses to expand high-quality, affordable academic opportunities to support the needs of all learners." *See* http://www.commonwealthu.edu/about/history (last viewed: March 13, 2025). CUP now also includes Clearfield University. All four campuses are entities within the Pennsylvania State System of Higher Education, sometimes referred to as "PASSHE." *See* https://www.passhe.edu/universities/index.html (last viewed: March 13, 2025.) The address of CUP's Bloomsburg campus matches the address provided by Newton.

fail because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).

The Family Division, OJR, and PAPPD—as subdivisions of the Philadelphia Court of Common Pleas—are all arms of the Commonwealth and share in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). CUP, as a multicampus university within the Pennsylvania State System of Higher Education, is likewise an arm of the Commonwealth. *See, e.g., Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.,* 880 F.3d 643, 654 (3d Cir. 2018) (concluding that "both PASSHE and [West Chester University] are entitled to Eleventh Amendment immunity and are thus not subject to suits for damages in federal court."); *Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390, 399 (M.D. Pa. 2013) ("Bloomsburg, as a state university organized under the Pennsylvania State System of Higher Education . . . is entitled to Eleventh Amendment immunity."). As the Commonwealth has not waived its Eleventh Amendment immunity, and because states are not "persons" as that term is used in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989), Newton's claims for monetary damages against the Commonwealth and its entities are dismissed with prejudice for failure to state a claim.

Newton's claims against the New Jersey Superior Court and New Jersey Supreme Court are also barred by Eleventh Amendment immunity. Like Pennsylvania, in New Jersey, "the state judiciary is an integral part of the state and, consequently, all claims against [courts within that system] are barred by the Eleventh Amendment." *Gencarelli v. Superior Ct. of New Jersey*, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005) (citations and quotation marks

omitted). Accordingly, Newton's claims against the two New Jersey courts are also dismissed with prejudice.

### 5. Claims Against Individual Judges, the District Attorney, Agent Guse, and Special Agent Owens

Newton names as Defendants numerous individuals who are not discussed anywhere in the Complaint, nor does the Complaint describe actions that could reasonably be attributed to those Defendants. These include Judges Charles Hayden, Robert P. Coleman, Wendy L. Pew, and Francis Shields; the Philadelphia District Attorney; Agent Andrea Guse; and Special Agent James Owens. (Doc. No. 2 at 2–3.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Because Newton does not allege any actions by these individuals that violated his rights, his claims against them are not plausible.

In addition, Newton's claims as to each of these individuals seem poised to fail as they are all likely entitled to immunity. First, as to his claims against Judges Hayden, Coleman, Pew and Shields, to the extent Newton's claims are based on these Defendants exercising their judicial functions, those claims are barred by judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). And "[g]enerally . . . 'where a court has some subject matter

8

jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Thus, to the extent Newton's claims against Judges Hayden, Coleman, Pew, and Shields are based on actions they took in their judicial capacities, those claims are subject to dismissal with prejudice.

Second, and similarly, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Thus, to the extent Newton seeks to assert a claim against the Philadelphia District Attorney based on actions involving his prosecution of a criminal case against Newton, the claim is barred by absolute immunity and also is not plausible.

Third, the address that Newton lists for Agent Guse and Special Agent Owens corresponds to the Philadelphia District Office of the Pennsylvania Board of Probation and Parole ("PBPP"). (Doc. No. 2 at 3.) The Court thus presumes that they are PBPP employees. Like judges and prosecutors, probation and parole officers are generally entitled to some degree of immunity when carrying out their adjudicatory or administrative duties. *See Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989) (noting that probation officers "are entitled to absolute immunity when they are engaged in adjudicatory duties [while] [i]n their executive or administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity."). Thus, to the extent Newton alleges claims against Guse and Owens based on acts taken in performance of their duties as probation or parole officers, those claims may also be barred by immunity.

In sum, Newton's claims against Judges Charles Hayden, Robert P. Coleman, Wendy L. Pew, and Francis Shields; the Philadelphia District Attorney; Agent Andrea Guse; and Special Agent James Owens are dismissed.  This dismissal is without prejudice to Newton's right to file an amended complaint that explains how each Defendant purportedly violated Newton's constitutional rights.  If Newton files an amended complaint, he should ensure his claims do not trigger the immunities discussed above.

### 6. Claim Against City of Philadelphia Marriage License Center

Next, Newton names as a Defendant the "Philadelphia Marriage License Center," which the Court construes as stating claims against the City's Marriage License Department.  City agencies are not suable entities under § 1983 because they do not have a separate legal existence from the City of Philadelphia.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Philadelphia*, No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd*, 655 F. App'x 132 (3d Cir. 2016) (finding the Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence (citing 53 Pa. C.S.A. § 16257)).  Accordingly, Newton's claims against the Philadelphia Marriage License Department are not plausible and are dismissed.

### 7. Claims Against Jefferson Abington Hospital

Last, Newton sues Jefferson Abington Hospital ("JAH"). (Doc. No. 2 at 1.) Newton does not allege how JAH violated his civil rights.  Further, JAH appears to be a private entity

10

rather than a "state actor" subject to liability under § 1983.[8] Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Courts in this Circuit and other circuits consistently hold that private health care companies, like JAH, are generally not state actors. *See Pa. Informed Consent Advocs. Inc. v.*

---

[8] According to the Pennsylvania Secretary of State's website, JAH is a fictitious name under which Abington Memorial Hospital operates. *See* https://file.dos.pa.gov/search/business (last visited Mar. 19, 2025). Abington Memorial Hospital is a Pennsylvania non-profit corporation. *See* https://file.dos.pa.gov/search/business (last viewed March 13, 2025). The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

*Univ. of Pa. Health Sys.*, No. 21-4415, 2022 WL 2316648, at *3 (E.D. Pa. June 28, 2022) ("Private hospitals, no matter how much federal funding they may receive, are generally not state actors for purposes of constitutional questions." (quoting *Beckerich v. St. Elizabeth Med. Ctr.*, 2021 WL 4398027, at *3 (E.D. Ky. Sept. 24, 2021))); *see also Hall v. Horizon House*, 414 F. Supp. 3d 720, 722 (E.D. Pa. 2019) (collecting cases showing medical facilities are not made state actors by receipt of government funding or imposition of government licensing and regulation). And here, the Complaint does not allege any facts pertaining to the conduct of JAH that would indicate it was a state actor under the three tests outlined by the Third Circuit. Accordingly, the claims against JAH are also dismissed.

## IV.    CONCLUSION

For the reasons stated, the Court dismisses Newton's Complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Any claims brought by Newton on behalf of others are dismissed without prejudice in light of Newton's pro se status. The claims brought against Judges Charles Hayden, Robert P. Coleman, Wendy L. Pew, and Francis Shields; the Philadelphia District Attorney; Agent Andrea Guse; Special Agent James Owens; and JAH are dismissed without prejudice. The claims brought against the remaining Defendants, along with Newton's request for injunctive relief, are dismissed with prejudice. Having dismissed the Complaint at this stage, Newton's "Motion to Quash" will be denied as moot. An appropriate Order follows.