IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVON NEWTON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-913-KSM |
| | : | |
| **PHILADELPHIA INDUSTRIAL** | : | |
| **CORRECTIONAL CENTER,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 2nd day of April, 2025, upon consideration of Plaintiff Devon Newton's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), pro se Complaint (Doc. No. 2), and Motion to Quash (Doc. No. 3) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED** for the reasons in the Court's Memorandum as follows:

    a. Newton's claims against Defendants Judges Charles Hayden, Robert P. Coleman, Wendy L. Pew, and Francis Shields; the Philadelphia District Attorney; Agent Andrea Guse; Special Agent James Owens; and JAH are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. Any claims brought by Newton on behalf of others are **DISMISSED** without prejudice in light of Newton's pro se status.

    c. Newton's remaining claims are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   d.  The Clerk of Court is directed to **ADD** the following parties to the Caption as Defendants:  Judge Robert P. Coleman, Judge Wendy L. Pew, Judge Francis Shields, the Philadelphia Office of Judicial Records, Agent Andrea Guse, and Special Agent James Owens.

   e.  The Clerk of Court is directed to **TERMINATE** the following parties as Defendants:  Philadelphia Industrial Correctional Center (PICC), CurranFrom Correctional Facility, Riverside Correctional Facility (RCF), Detention Center (DC), the Commonwealth of Pennsylvania, Family Court House of Philadelphia, Domestic Relations Division, Adult Probation and Parole, the Philadelphia Office of Judicial Records, the Philadelphia Marriage License Center, the New Jersey Superior Court, the New Jersey Supreme Court, and the Commonwealth University of Pennsylvania.

4. Newton may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Newton's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Newton should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Newton a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Newton may use this form to file his amended complaint if he chooses to do so.

6. If Newton does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Newton fails to file any response to this Order, the Court will conclude that Newton intends to stand on his Complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

8.  Newton's Motion to Quash (Doc. No. 3) is **DENIED AS MOOT**.

                                      **BY THE COURT:**

                                      **/s/ Karen Spencer Marston**
                                      **KAREN SPENCER MARSTON, J.**